IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  06-cv-00036-WYD-MJW

MICHAEL J. WARD,

        Plaintiff(s),

v.

THOMAS SIEBEL; and
THE SIEBEL LIVING TRUST,

        Defendant(s).

---

## ORDER

---

        THIS MATTER is before the Court on Plaintiff's Motion Pursuant to F.R.C.P.

56(f) to Postpone Ruling on Defendants' Motion for Summary Judgment (Document

#40) as it Pertains to the First, Second, and Third Claims for Relief in the Amended

Complaint, filed December 11, 2006 (document #45).  Specifically, Plaintiff seeks to

obtain Defendants' responses to certain written discovery, and to depose Defendants

Thomas Siebel and Justin Dooley and another non-party prior to responding to

Defendants' request for summary judgment as to Plaintiff's First, Second, and Third

Claims for Relief.  Plaintiff's counsel supported the motion by an affidavit as required by

FED. R. CIV. P. 56(f).

        The district courts exercise discretion in deciding whether to grant a Rule 56(f)

motion.  *See Committee for the First Amendment v. Campbell*, 962 F.2d 1517, 1522

(10th Cir.1992). To obtain relief under Rule 56(f), a party must provide more than a

mere assertion "that the evidence supporting [the party's] allegation is in the hands of the [opposing party]." *Weir v. Anaconda Co.*, 773 F.2d 1073, 1083 (10th Cir.1985). Rather, the party must identify with some degree of specificity the facts it believes will be uncovered through additional discovery. *See Jensen v. Redev. Agency*, 998 F . 2d 1550, 1554 (10th Cir.1993).

A plaintiff requesting the opportunity to conduct discovery under  Fed.R.Civ.P. 56(f) must provide the court with an affidavit which explains why facts which would preclude summary judgment cannot be presented.  *See Committee for the First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir.1992)(citing 10A Charles A. Wright, Arthur R. Miller and Mary Kay Kane, Federal Practice & Procedure, §§ 2740 at 530 (1983)). Further, a plaintiff must explain "how additional time will enable him to rebut movant's allegations of no genuine issue of fact." *Patty Precision v. Brown & Sharpe Mfg. Co.*, 742 F.2d 1260, 1264 (10th Cir.1984).

I find that Plaintiff has satisfied the requirements of Rule 56(f).  While Defendants assert that Plaintiff does not need additional discovery to respond to the legal arguments in the motion for summary judgment, and that the material facts are not in dispute, the affidavit submitted by Plaintiff's counsel, Thomas R. Ward, counters this argument.  Defendants' motion for summary judgment contains numerous "undisputed facts," based in large part on citation to various affidavits executed by Defendants and other non-parties.  The discovery cut-off in this case is February 2, 2007.  According to the affidavit submitted by Plaintiff's counsel, Plaintiff has not yet had an opportunity to depose the individuals who submitted affidavits in support of Defendants' motion for

summary judgment, although counsel for the parties are currently in the process of scheduling these depositions.  I am satisfied that a continuance of the deadline to respond to the summary judgment motion is justified so that Plaintiff can adequately respond to the factual allegations contained in the motion.

In conclusion, for the reasons set forth herein, it is hereby

ORDERED that Plaintiff's Motion Pursuant to F.R.C.P. 56(f) to Postpone Ruling on Defendants' Motion for Summary Judgment (Document #40) as it Pertains to the First, Second, and Third Claims for Relief in the Amended Complaint, filed December 11, 2006 (document #45) is **GRANTED**.

In accordance therewith, Plaintiff is given an extension of time up to and including **Friday, March 16, 2007**, in which to file a response to Defendant's summary judgment motion as it pertains to the First, Second, and Third Claims for Relief.

Dated:  January 18, 2007

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge