IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 06-cv-00036-WYD-MJW

MICHAEL J. WARD,

    Plaintiff,

v.

THOMAS SIEBEL;
THE SIEBEL LIVING TRUST;
JUSTIN DOOLEY
FIRST VIRTUAL MANAGEMENT, INC.

    Defendants.

---

## ORDER

---

THIS MATTER is before the Court on Defendant The Siebel Living Trust's Renewed Motion for Judgment as a Matter of Law or Alternatively for a New Trial or to Reduce the Judgment, filed March 17, 2008 (docket #140); Plaintiff's Motion to Alter or Amend Judgment to Include Prejudgment Interest, filed March 25, 2008 (docket #142); Plaintiff's Motion for Award of Attorneys' Fees, filed March 25, 2008 (docket #143); and the parties Stipulation Re: Plaintiff's Motion for Award of Attorney Fees and Costs, filed April 16, 2008 (docket #146).

    I.    <u>Background</u>

I first note that this case was tried before a jury commencing on October 29, 2007. At the close of evidence on November 1, 2007, I denied Defendants' Motion for Judgment as a Matter of Law. The jury returned a verdict in favor of Plaintiff on

Plaintiff's Third Claim for relief and awarded damages in the amount of $135, 625.  The jury also found in favor of Plaintiff on Plaintiff's Fourth Claim for relief and awarded damages in the amount of $232,500.

II.     Analysis

Defendant The Siebel Living Trust's ("Trust") motion first asserts that the Court should enter judgment in its favor under Rule 50(b), notwithstanding the verdict of the jury.  In deciding a motion for judgment as a matter of law under Rule 50, "[a]ll reasonable inferences are drawn in favor of the nonmoving party and th[e] court does 'not make credibility determinations or weigh the evidence.'" *Loughridge v. Chiles Power Supply Co., Inc.*, 431 F.3d 1268, 1280 (10th Cir. 2005).  "Judgment as a matter of law is appropriate 'only if the evidence points but one way and is susceptible to no reasonable inferences which may support the opposing party's position.'" *Id.* (quoting *Finley v. United States*, 82 F.3d 966, 968 (10th Cir. 1996)).

The Trust argues that it is entitled to judgment as a matter of law on Plaintiff's Third Claim because the duty of good faith and fair dealing applies only when the manner of performance under a specific contract term allows for discretion on the part of either party.  The Trust asserts that the holdover provision in Plaintiff's Listing Agreement did not and cannot be interpreted to confer any discretion to the Trust in performing under that provision.  Further, the Trust argues that the holdover provision did not defer a decision regarding the terms of the Trust's performance to a future time.  The Trust also argues that the parties' respective performance obligations under the Listing Agreement, including specifically the holdover provision, were fully agreed to and

fixed at the time the parties entered into the Listing Agreement on April 22, 2004.

I disagree with the Trust that there are no reasonable inferences which may support Plaintiff's position that the contract allowed for discretion on the part of the Trust. There was evidence presented at trial that the holdover provision gave Defendants Siebel and the Trust discretionary authority over the terms under which Plaintiff would be entitled to a commission upon sale to a previously identified prospect during the holdover period. Further, there was also evidence that Defendants could unilaterally determine whether Ward would be entitled to a commission upon such a sale by entering, or not entering, into a subsequent exclusive right-to-sell listing contract with another broker. As such, the Trust's Renewed Motion for Judgment as Matter of Law is denied.

Alternatively, the Trust argues that the Court should alter or amend the judgment and reduce the amount of the award or grant a new trial under Rule 59. The Trust asserts that the jury ignored my instructions and misapprehended Plaintiff's third claim for relief. Specifically, the Trust asserts that the only percentage of the sales price Plaintiff could have received as damages is half of the 6% under the holdover provision in the Listing Agreement, which is $232,500. Further, the Trust asserts that the jury ignored my instruction on duplicative damages.

"It is a fundamental legal principle that the determination of the quantum of damages in civil cases is a fact-finder's function." *Bennett v. Longacre*, 774 F.2d 1024, 1028 (10th Cir. 1985). As such, the trier of the facts is clothed with a wide latitude and discretion in fixing damages, pursuant to the court's instructions. *Id.* The amount of

damages awarded by a jury can be supported by any competent evidence tending to sustain it. *Id*. It is within the trial court's discretion to order a new trial *on damages alone* when the jury's award is speculative or excessive. *Cholier, Inc v. Torch Energy Advisors, Inc.*, 83 F.3d 431, 1996 WL 196602 (C.A. 10 (Okla.)) *citing Collier v. Hoisting &Portable Eng'rs Local Union No.* 101, 761 F.2d 600, 603 (10th Cir.1985). In ruling on a motion for a new trial on grounds that damages are excessive, the trial court may order a remittitur, or alternatively a new trial if the plaintiff refuses the remittitur. *Id. citing Klein v. Grynberg*, 44 F.3d 1497, 1507 (10th Cir. 1995).

In this case, I find that a new trial as to Plaintiff's Third Claim for relief is not appropriate. Even if I were to find that Plaintiff's damages award should be reduced, Defendant would be limited to a new trial on the issue of damages alone. As to whether I should reduce Plaintiff's damages to prevent double recovery, Defendant asserts that although Plaintiff asserted multiple claims against multiple defendants, Plaintiff suffered only one injury - the loss of his $232,500 commission under the holdover provision of listing agreement. Defendant argues that Plaintiff offered no other evidence of damages and no other evidence of injury or economic loss beyond his claim that he should have been paid the $232,500 commission.

In response, Plaintiff argues that if the jury was actually compensating Plaintiff for the same injury twice, it stands to reason that the two awards would be identical. Plaintiff also asserts that the jury's different damage awards can be construed as evidence that the jury found that Plaintiff incurred distinct, compensable injuries: (1) that the jury could have concluded that Plaintiff was denied the commission he could have

earned under his listing contract with Defendant as a result of Dooley's fraud; (2) that the jury could have concluded that Plaintiff was denied a portion of the commission earned by Cieciuch under his listing contract with Defendant as a result of Defendant's bad faith.

I reject Plaintiff's argument. After careful review of the evidence and Plaintiff's claims, it is clear that the only injury that he claimed to have suffered was the non-payment of the $232,500 commission under the listing agreement. Not once, during trial did Plaintiff's counsel argue that Plaintiff should be awarded $232,500 as his commission under the Listing Agreement plus some amount of additional damages for another injury. Since the amount of excess damages is clearly ascertainable, I find that Plaintiff's damages shall be reduced to the amount of $232,500.

As to Plaintiff's Motion to Alter or Amend Judgment to Include Prejudgment Interest it is denied. Plaintiff has cited to absolutely no case law where a Plaintiff would be entitled to prejudgment interest on a judgment amount reduced to zero.

The Plaintiff's Motion for Award of Attorney Fees and Costs is denied as moot as the parties have filed a stipulation on the issue of attorneys fees. Having reviewed the Stipulation Re: Plaintiff's Motion for Award of Attorney Fees, the Stipulation is granted and approved.

Based on the foregoing, it is

ORDERED that Defendant The Siebel Living Trust's Renewed Motion for Judgment as a Matter of Law or Alternatively for a New Trial or to Reduce the Judgment, filed March 17, 2008 (docket #140) is **DENIED IN PART AND GRANTED IN**

**PART**. It is **DENIED** as to Defendant The Siebel Living Trust's Renewed Motion for Judgment as a Matter of Law or Alternatively for a New Trial and **GRANTED** as the Motion to Reduce the Judgment. It is

FURTHER ORDERED that Plaintiff's damages shall be reduced to the amount of $232,500. It is

FURTHER ORDERED that Plaintiff's Motion to Alter or Amend Judgment to Include Prejudgment Interest, filed March 25, 2008 (docket #142) is **DENIED**. It is

FURTHER ORDERED that Plaintiff's Motion for Award of Attorneys' Fees, filed March 25, 2008 (docket #143) is **DENIED AS MOOT**. It is

FURTHER ORDERED that the parties Stipulation Re: Plaintiff's Motion for Award of Attorney Fees and Costs, filed April 16, 2008 (docket #146) is **GRANTED** and **APPROVED**.

Dated: December 1, 2008

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief U. S. District Judge