IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  06-cv-00036-WYD-MJW

MICHAEL J. WARD,

    Plaintiff,

v.

THOMAS SIEBEL;
THE SIEBEL LIVING TRUST;
JUSTIN DOOLEY
FIRST VIRTUAL MANAGEMENT, INC.

    Defendants.

## ORDER

THIS MATTER is before the Court on Plaintiff's Motion for Relief From Amended Judgment, filed November 17, 2010 [ECF No. 204].  Defendant The Siebel Living Trust ("Trust") filed a Response on December 13, 2010 [ECF No. 207].

By way of background, I note that Plaintiff initiated this action on January 10, 2006, seeking recovery of a real estate commission he claimed he was owed under a listing agreement with the Trust.  In his Amended Complaint, Plaintiff brought five claims for relief for breach of contract, unjust enrichment, procuring cause, breach of implied duty of good faith and fair dealing and deceit.  The jury returned a verdict in favor of the Trust as to Plaintiff's claims for breach of contract, procuring cause, and deceit based on fraud, but found in Plaintiff's favor as to his claim for breach of implied duty of good faith and fair dealing, and awarded damages in the amount of $135,625.00.  The jury

also found in favor of Plaintiff on his claim for deceit against a second defendant, Justin Dooley, and awarded damages in the amount of $232,500.00.[1]  Post-trial, the Trust filed a renewed motion for judgment as a matter of law as to Plaintiff's claim for breach of implied duty of good faith and fair dealing, which I denied.  In addition, I reduced Plaintiff's damages to zero after Plaintiff settled with Defendant Dooley for $232,500.00, the full amount of the commission.[2]

The Trust subsequently appealed the denial of its motions for judgment as a matter of law.  On appeal, the Tenth Circuit found that the Trust was entitled to judgment as a matter of law as to Plaintiff's claim for breach of implied duty of good faith and fair dealing, and it reversed and remanded the case with instructions to enter judgment in favor of the Trust, as to Plaintiff's third claim for breach of the covenant of good faith and fair dealing.  In addition, the Tenth Circuit found that pursuant to Fed. R. App. P. 39, costs are taxed in favor of Defendant Siebel Living Trust in the amount of $712.20.

In accordance with the Mandate from the Tenth Circuit, an Amended Judgment in favor of the Trust on Plaintiff's claim for breach of the covenant of good faith and fair dealing entered March 30, 2010 [ECF No. 175].  The Amended Judgment ordered that the Trust shall have its costs by the filing of a Bill of Costs with the Clerk of this Court within fourteen (14) days of entry of the amended judgment.  A Bill of Costs was

---

[1]The jury found in favor of Defendants, Thomas Siebel and FVM on Plaintiff's for deceit based on fraud.

[2]Following trial, the parties jointly moved to dismiss the unjust enrichment claim.

submitted on April 12, 2010, and the Clerk of Court taxed $6,377.45 in costs against Plaintiff on May 4, 2010.

On April 12, 2010, Defendant The Siebel Living Trust's (the "Trust") filed a Motion for Attorney's Fees and Costs, seeking $327,801.94 in attorney fees and $16,911.69 in costs incurred in this matter. Argument on the motion took place on September 29, 2010. On October 8, 2010, I entered an Order denying the Trust's motion and finding that neither the Trust nor the Plaintiff is the prevailing party in this case, and the Trust was not entitled to the fees and costs sought in its motion.

In the instant motion, Plaintiff requests, pursuant to Rule 60(b)(6) that I relieve him of the portion of the Amended Judgment allowing the Trust to submit a Bill of Costs. This request is based on my finding that neither the Plaintiff nor the Trust was the "prevailing party" in connection with ruling on Defendants' motion for attorneys' fees.

"'The Federal Rules of Civil Procedure recognize no motion for reconsideration.'" Hawkins v. Evans, 64 F.3d 543, 546 (10th Cir. 1995) (quotation and internal quotation marks omitted); *see also Lawrence v. Maher*, 62 Fed.Appx. 907, 2003 WL 1889961, at *1 (10th Cir. 2003) (unpublished); *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). The court's treatment of the motion for reconsideration depends on whether the order is a final order that disposes of all claims and all parties or is an interlocutory order.

Following final judgments, the Tenth Circuit "construe[s] a motion for reconsideration in one of two ways." *Hawkins v. Evans*, 64 F.3d 543, 546 (10th Cir. 1995). "'If the motion is filed within ten days of the district court's entry of judgment, the

motion is treated as a motion to alter or amend the judgment under Fed.R.Civ.P. 59(e).'" *Id.* (quotation omitted). "'Alternatively, if the motion is filed more than ten days after the entry of the judgment, it is considered a motion seeking relief from the judgment under Fed.R.Civ.P. 60(b).'" *Id.* (quotation omitted); see also *Lawrence v. Maher*, 62 Fed. Appx. 907, 2003 WL 1889961, at *1 (10th Cir. 2003) (unpublished). Here, the instant motion was filed almost eight months after entry of the Amended Judgement, so I must treat it as a motion filed under Rule 60(b).

"Relief under Rule 60(b) is discretionary and is warranted only in exceptional circumstances." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991); *see also Servants of the Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000). Rule 60(b)(6) provides that, "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment . . . [for] any other reason justifying relief from the operation of the judgment." "Rule 60(b)(6) has been described by this court as a 'grand reservoir of equitable power to do justice in a particular case.'" *Van Skiver v. United States* , 952 F.2d 1241, 1244 (10th Cir. 1991) (quotation and internal quotation marks omitted). "[A] district court may grant a Rule 60(b)(6) motion only in extraordinary circumstances and only when necessary to accomplish justice." *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 579 (10th Cir.1996).

Pursuant to Fed. R. Civ. P. 54(b)(1), costs "should be allowed to the prevailing party." However, my ruling that neither the Trust nor Plaintiff was the prevailing party in this case was made in the context of Defendants' motion for attorneys' fees and was

based on an interpretation of the attorneys' fee provision in the parties' listing contract. By contrast, the costs awarded in the Amended Judgment are based on Rule 54 and the Mandate issued by the Tenth Circuit. Plaintiff has not explained why the analysis I employed in deciding the issues presented in the attorneys' fee motion is equally applicable to the award of costs in connection with the Amended Judgment. It is not clear that I have the authority to review or amend the Amended Judgment and Plaintiff has not cited to any legal authority that would allow such an amendment. In addition, it is not clear why Plaintiff did not object to the Amended Judgment at the time it was entered or at the time he was challenging the Trust's request for additional costs and fees.

I find no extraordinary circumstances that would justify the relief sought by Plaintiff with respect to the Amended Judgment.

For the reasons set forth herein, it is hereby

ORDERED that Plaintiff's Motion for Relief From Amended Judgment, filed November 17, 2010 [ECF No. 204] is **DENIED**.

Dated: January 24, 2011

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge